(No. 5230— ▮▮▮▮▮)

Ruby Foreman, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 24, 1969.*

Harris, Holbrook, and Lambert, Attorneys for Claimant.

William G. Clark, Attorney General; Lee D. Martin, Assistant Attorney General, for Respondent.

Pezman, J.

On November 9, 1964, at about 1:00 P.M., claimant, Ruby Foreman, was walking across the Lusk Creek bridge going to the town of Golconda, Illinois. The weather was fair, and the pavement was dry. Claimant was walking on the left or east side of the bridge where there was a raised concrete sidewalk, which ran parallel with the

roadway. The sidewalk was elevated approximately 9 inches above the roadway, and was 22¾ inches wide. On the outside edge of this sidewalk there was a retaining wall, which was 18½ inches high. Above the retaining wall there was a single pipe hand rail, which was 4 inches in diameter, and which was 11 inches above the retaining wall. Parallel with the sidewalk and in the east edge of the roadway were drain holes or weep holes. These holes were approximately 11½ inches long and 3¾ inches wide. They were for draining water off the bridge into the creek below. At the time of the accident the weep holes were open, and were lined with aluminum.

On the date of this occurrence vehicular traffic and pedestrian traffic were both using the bridge. There were no signs of any kind on either end of the bridge warning pedestrians of the open weep holes in the roadway or the danger thereof.

Claimant was wearing low-heeled cloth shoes, and was carrying only a letter at the time of the accident. Claimant testified that, as she walked along the sidewalk on the east side of the bridge, she looked down at some workmen on the bank of the creek, and became somewhat dizzy. She then stepped off the sidewalk with her right foot to the right side of one of these weep holes. She had not seen the hole, as it was immediately beneath her. She then stepped with her left foot into one of the weep holes. Her foot went completely into the weep hole, and dropped down to a point where the aluminum siding struck her knee. As a result of the accident, claimant was treated by a doctor for contusions and abrasions to the leg, a hematoma and scarring. Claimant testified that she was unable to walk on her leg for some time.

As a result of this accident, claimant now seeks to recover for personal injuries sustained by her in the sum of $10,000.00.

The law in the State of Illinois is clear that, in order for a claimant in a tort action to recover against the State, he must prove that the State was negligent, that such negligence was the proximate cause of the injury, and that claimant was in the exercise of due care and caution for his own safety. *McNary* vs. *State of Illinois,* 22 C.C.R. 328, *Bloom, et al,* vs. *State of Illinois,* 22 C.C.R. 582, 585. It is also a well-known proposition of law that the State is not an insurer against accidents occurring on its streets and highways. *Manus* vs. *State of Illinois,* 22 C.C.R. 335; *McNary* vs. *State of Illinois,* 22 C.C.R. 328.

In this case, claimant is contending that the State was negligent in allowing the drain holes to be unguarded and open at and in close proximity to the east sidewalk, and that the State failed to give any warning to pedestrians of the existence of the drain holes in the floor of the bridge roadway. There is, however, a serious question as to the liability of respondent to maintain the roadway of the bridge in such a condition that it would be safe for pedestrians. The State is not obligated to maintain all public highways under its jurisdiction in the same manner as sidewalks and crosswalks should be maintained. To so require would place an impossible burden upon the State. *Callen* vs. *State of Illinois,* 23 C.C.R. 172.

Claimant did not fall as a result of any defect in the sidewalk, which ran parallel with the roadway. The accident occurred when claimant stepped off of the sidewalk,

which was provided for pedestrian travel, and stepped into one of the drain holes in the roadway of the bridge.

The burden of proof is upon claimant to prove freedom from contributory negligence. In the cases of *Doolittle, et al,* vs. *State of Illinois,* 21 C.C.R. 112, and *Mounce* vs. *State of Illinois,* 20 C.C.R. 268, this Court held that to approach a place of known danger without care commensurate with such danger is contributory negligence. Similarly, the Court held that, where one has earlier the same evening driven over a certain stretch of highway, he is charged with a knowledge of its condition so long as the condition is unchanged on his return trip.

The facts in the instant case indicate that claimant walked approximately ¾ of the way across the bridge before she stepped off the sidewalk and into one of the drain holes. In walking ¾ of the way across the bridge, she passed a number of these open drain holes, and must have been aware of their existence. It was the duty of claimant in this case to use due care and caution for her own safety. From the record it is clear that the negligence of claimant in stepping off of the sidewalk area, which was provided for pedestrian travel, and onto the bridge roadway, which was provided for vehicular travel, and into one of the drain holes was the proximate cause of the accident.

It is the opinion of this Court that claimant has failed to sustain her burden of proof that the State was negligent, and that claimant was in the exercise of due care for her own safety at the time of the accident.

The claim is denied.